IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40991
Conference Calendar
_____


MODESTO RIOS,

                                        Petitioner-Appellant,

versus

JOHN W. TOMBONE,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-338
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Modesto Rios, federal prisoner # 48766-079, argues that the
district court erred in dismissing his 28 U.S.C. § 2241 habeas
petition alleging that his trial and appellate counsel were
ineffective in failing to challenge the manner in which his
sentence was determined.  He argues that he does not have an
adequate postconviction remedy to challenge his sentence under 28
U.S.C. § 2255 because this court has previously denied his
request to file a successive motion.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The proper vehicle for attacking errors that occurred during or before sentencing is a 28 U.S.C. § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). Under the "savings clause," however, if a prisoner can demonstrate that the 28 U.S.C. § 2255 remedy would be "ineffective or inadequate to test the legality of [the prisoner's] detention," he may be permitted to bring a habeas corpus claim pursuant to 28 U.S.C. § 2241 instead. See id. (quoting 28 U.S.C. § 2255).

The savings clause applies to a claim that is based upon a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 28 U.S.C. § 2255 motion. Reyes-Requena, 243 F.3d at 904. Rios has failed to demonstrate that his claim is based upon a change in the law resulting from a retroactively applicable Supreme Court decision rendering his conduct noncriminal. Thus, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause. The district court did not err in dismissing Rios' 28 U.S.C. § 2241 petition.

AFFIRMED.